1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
   G. Andrew Lundberg (SBN 108509)
      *andy.lundberg@lw.com*
   Wayne S. Flick (SBN 149525)
      *wayne.s.flick@lw.com*
   Faraz R. Mohammadi (SBN 294497)
      *faraz.r.mohammadi@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

BROWN NERI SMITH & KHAN LLP
   Ethan J. Brown (SBN 218814)
      *ethan@bnsklaw.com*
   Jill R. Glennon (SBN 204506)
      *jill@bnsklaw.com*
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Telephone:  (310) 593-9890
Facsimile:  (310) 593-9980

Attorneys for Plaintiffs PGP Investors,
LLC, PGP Advisors, LLC, and M. Brent
Stevens

COZEN O'CONNOR
   Valerie D. Rojas (SBN 180041)
      *vrojas@cozen.com*
   Patricia Michelena Parisi (SBN 157671)
      *pparisi@cozen.com*
601 South Figueroa Street, Suite 3700
Los Angeles, California  90017
Telephone:  (213) 892-7965
Facsimile:   (213) 784-9076

BAILEY CAVALIERI LLC
   Sabrina Haurin (admitted *pro hac vice*)
   Ohio Bar No. 079321
      *shaurin@baileycav.com*
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone:  (614) 229-3253
Facsimile:   (614) 221-0479

Attorneys for Defendant Liberty Insurance
Underwriters, Inc.

JOINT RULE 26(f) REPORT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PGP INVESTORS, LLC, a Delaware limited liability company, PGP ADVISORS, LLC, a Delaware limited liability company, and M. BRENT STEVENS, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LIBERTY INSURANCE UNDERWRITERS INC., an Illinois corporation,<br><br>                    Defendant. | CASE NO. 2:17-CV-5296 DSF (RAOx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf.:  November 13, 2017<br><br>Time:            11:00 a.m. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Scheduling Conference, plaintiffs PGP Investors, LLC ("PGPI"), PGP Advisors, LLC ("PGPA") and Brent Stevens ("Stevens") (collectively "Plaintiffs") and defendant Liberty Insurance Underwriters Inc. ("Liberty") hereby submit their Joint Rule 26(f) Report in advance of the scheduling conference currently scheduled for November 13, 2017 at 11:00 a.m. in Courtroom 7D, 350 W. 1st Street.

a.  Statement of the Case:

Plaintiffs' Statement:  This case involves an insurance coverage dispute between Plaintiffs and Liberty, regarding Liberty's denial of Plaintiffs' claim for coverage under "Private Equity Fund and Management Liability Policy" number PELAAAXES5003 effective November 27, 2015 (the "Policy").

On February 18, 2016, Plaintiffs were sued by Joshua K. Phillips in Los Angeles County Superior Court (the "Underlying Action").  The Underlying Action alleged, among other causes of action, breach of an alleged oral partnership

agreement, promissory estoppel, negligent misrepresentation and unjust enrichment.  The lawsuit was filed after Plaintiffs terminated a consulting agreement with Mr. Phillips, whereby Mr. Phillips agreed to work for and through Peninsula Pacific Strategic Partners ("PPSP"), which was formed, among other reasons, to assist PGPI in developing a private equity investment platform and to raise a private equity fund.

In February, 2016, Plaintiffs provided Liberty with a demand letter from Mr. Phillips.  Thereafter, Plaintiffs tendered Phillips' amended complaint in the Underlying Action to Liberty and requested coverage for the Underlying Action in accordance with the terms of the Policy, which provides, among other things, coverage for "Loss," including "Defense Costs" and "settlement amounts" incurred in connection with a "civil proceeding."  The limit of liability under the Policy is $5,000,000, excess of a $200,000 retention applicable to each covered claim.

The Policy contains a "contract exclusion" excluding coverage for "Loss in connection with any Claim … arising from, based upon, or attributable to any liability under any contract or agreement."  However, the contract exclusion by its express terms excepts (or "carves out") claims arising from liability under "organizational or operational documents of any Insured Organization, including without limitation, limited partnership agreement, operating agreement, limited liability company agreement, management agreement or subscription agreement." The Policy further states that the contract exclusion "shall not apply to any (i) liability that would have been incurred in the absence of such contract or agreement [or] (ii) Professional Services Claim[.]"

Liberty originally issued a reservation-of-rights letter that cited the contract exclusion and carve out language, but did not conclude that coverage of Plaintiffs' claim was barred.  Subsequently, Liberty denied coverage, leaving Plaintiffs to defend the Underlying Action without further involvement from Liberty in that defense.  While the action was still pending, Plaintiffs' informed Liberty of their view that the denial of coverage was erroneous, contending the carve outs to the

contract exclusion (described above) apply to the claims in the Underlying Action. In response, Liberty reasserted its complete denial of coverage.

Plaintiffs paid out more than $1.5 million in attorney's fees and related defense expenses in connection with the Underlying Action.  Among other activities, Plaintiffs, through their counsel, undertook a thorough investigation of the factual and legal issues raised in Mr. Phillips' amended complaint, reviewing tens of thousands of documents, interviewing employees and affiliated third parties, and preparing for and taking Mr. Phillips' deposition.  Following the deposition of Mr. Phillips, the parties reached a settlement agreement, resolving all of their disputes.  In a letter dated, April 19, 2017, Plaintiffs informed Liberty of the settlement and requested reimbursement for their defense and settlement costs. Liberty denied Plaintiffs' request.

Now Plaintiffs have brought the above-captioned action, asserting claims for breach of contract and breach of the covenant of fair dealing against Liberty.  This case presents questions of law, including the interpretation of the contract exclusion and carve out provisions in the Policy.  This case also presents questions of fact, including (1) whether Plaintiffs' and Liberty understood that the Policy would cover Plaintiffs' defense and settlement costs under the facts and circumstances alleged in the Underlying Action and (2) whether Liberty's conduct in reviewing, investigating and denying Plaintiffs' request for coverage breached the covenant of good faith and fair dealing.

Defendant's Statement:  As Plaintiffs' note, this case involves whether there is coverage for the Underlying Action under the Policy.  If it does not, Plaintiffs' bad-faith claim against Liberty fails as a matter of California law.  Defendant believes that there is no coverage for the Underlying Action for three reasons.

First, the Contract Exclusion bars coverage for the Underlying Action because all of the causes of action asserted by the plaintiff in the Underlying Action (the "Underlying Plaintiff") flow from the Insureds' alleged breach of an

oral partnership agreement with the Underlying Plaintiff (the "Agreement").  None of the exceptions to the Contract Exclusion apply.  First, the "organizational/operational-document exception" to the Contract Exclusion does not apply because the Agreement at issue in the Underlying Action was an organizational or operational document of an "Insured Organization.   Likewise, but for the Insureds' alleged Agreement with the Underlying Plaintiff, the Insureds would have no alleged liability to the Underlying Plaintiff and, as such, the "liability-incurred-in-absence-of-agreement exception" is inapplicable.  And, the "professional-services-claim exception" is also not applicable because the Agreement at issue in the Underlying Action did not relate to any of the items specifically described in the Policy as constituting a "Professional Service."

Second, because the Underlying Action is excluded pursuant to the Contract Exclusion, the Underlying Action does not constitute a covered "Claim" under the Policy and, as a result, neither the cost of defending or settling the Underlying Action constitutes covered "Loss" under the Policy.

Third, the amounts sought by the Underlying Plaintiff in the Underlying Action are also uncovered loss under the Policy because they constitute uninsurable disgorgement and/or restitution.

b.  <u>Subject matter jurisdiction</u>.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. section 1332(a), in that the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

c.  <u>Legal issues:</u>

<u>Plaintiffs' Identification of Legal Issues</u>:  As indicated by Plaintiffs' above, this case involves legal issues regarding the proper interpretation of the contract

JOINT RULE 26(f) REPORT

exclusion and carve out language in the Policy.  Those issues include the following:

      1.  Whether the Coverage is barred by the Contract Exclusion.

Liberty's fourth affirmative defense states that coverage under the Policy is barred by "Section 5.12 of the Policy, as amended by Endorsement 16, because the Underlying Action arose from, is based upon, or was attributable to liability under a contract or agreement (the "Contract Exclusion)."  Plaintiff vigorously denied the existence of the alleged oral contract that formed the basis for some of the causes of action that were asserted by Mr. Phillips.  However, even if the Contract Exclusion language in the Policy applied to liability alleged by the causes of action based in contract, Plaintiff contends that coverage was still triggered by the causes of action that were not based in contract, including the alternative claims for promissory estoppel, negligent misrepresentation and unjust enrichment.

Accordingly, one of the legal issues for the Court is to determine whether the alternative causes of action arose from the alleged contract and/or whether any of the carve outs to the Contract Exclusion apply to extend coverage for the alternative claims.

      2.  Whether the Underlying Action sought damages that are covered Loss.

Liberty's fifth affirmative defense contends that "Plaintiffs' claims under the Policy are barred and/or limited by Section 27.13 of the Policy, as amended by Endorsement 24, insofar as the Underlying Action sought damages that are not covered Loss under the Policy and/or applicable law.  Thus, the fifth affirmative defense raises another issue of law, regarding the proper interpretation of the referenced provisions and of the applicable law.

<u>Defendant's Identification of Legal Issues</u>:  Defendant believes that the legal issues to be determined by the Court are these: (1) whether the Contract Exclusion bars coverage for the Underlying Action, including whether any of the exceptions to the Contract Exclusion are applicable; (2) whether, by virtue of the application of the Contract Exclusion, the Underlying Action constitutes a covered "Claim" under the Policy and, as a result, whether the cost of defending or settling the Underlying Action constitutes covered "Loss" under the Policy; and (3) whether the amounts sought by the Underlying Plaintiff in the Underlying Action are uncovered loss under the Policy because they constitute uninsurable disgorgement and/or restitution.

       d.   <u>Parties, evidence, etc.</u>

     <u>Plaintiffs</u>.  Plaintiffs include PGPI, PGPA and Mr. Stevens.  Neither PGPI nor PGPA have a parent corporation or parent liability company.  PGPA has a partial ownership stake in PGPI.  Plaintiffs have designated the complete list of PGPA's and PGPI's parents, subsidiaries and affiliates "CONFIDENTIAL" pursuant to the proposed stipulated protective order filed concurrently with this Rule 26(f) report.  A copy has been provided to Defendant.  Concurrently, with this report, Plaintiffs have filed an Application to submit the Confidential list under seal.

     Based on the information presently known by Plaintiffs, Plaintiffs identify the following key documents on the main issues in this action: (1) the Policy and (2) documents reflecting communications by and between Plaintiffs and Liberty regarding the Policy, including, but not limited to: (i) the formation of the Policy, (ii) Plaintiffs' claim for coverage and Liberty's review, investigation and denial of that claim.

     Based on the information presently known by Plaintiffs, Plaintiffs identify the following percipient witnesses to the main issues in this action: (1) Christopher

L. Peirce, (2) Mark C. Touhey, (3), John Patterson, (4) Reed Henderson, (5) Luis Garcia, (6) Carla Caliendo, (7) Melanie Rivera, (8) Viviane Falzone, (9) Mary Ellen Kanoff, (10) M. Brent Stevens, (11) Joshua K. Phillips, (12) James R. Lopiccolo, (13) Ron Packouz, (14) Jesse Attix, and (15) Darren Cartwright.

Defendant.  Defendant is Liberty Insurance Underwriters, Inc. is an Illinois corporation with its principal place of business in Massachusetts.   Liberty Insurance Underwriters, Inc. is owned 100% by Liberty Mutual Insurance Company.

Based on the information presently known by Defendant, Defendant identifies the following key documents on the main issues in this action: (1) the Policy; (2) communications between or among Defendant (and/or any of its representatives), the Plaintiffs (and/or any of their representatives), any brokers, and/or agents concerning the Underlying Action or the Policy; (3) pleadings, discovery, settlement agreements, documents produced in discovery, and/or deposition transcripts filed, served, or produced in the Underlying Action; (4) documents relating to the Underlying Plaintiff's alleged Agreement with the Insureds; (5) documents concerning the amount of defense costs incurred by and/or settlement payments made by Plaintiffs in connection with the Underlying Action.

Based on the information presently known by Plaintiffs, Plaintiffs identify the following percipient witnesses to the main issues in this action: (1) Joshua Phillips; (2) Christopher J. Cox, Esq.; (3) Nicholas J. Pappas, Esq., (4) M. Brent Stevens; (5) Wayne S. Flick, Esq.; (6) Julie R. F. Gerchik, Esq.; (7) Faraz R. Mohammadi, Esq.; (8) Carla Caliendo; (9) Melanie Rivera; (10) John Van Amburg; and (11) other representatives of Plaintiffs and/or their counsel in the Underlying Action.

e.   Damages.

Plaintiffs.  Plaintiffs are seeking the recovery of their attorney's fees and

related costs incurred in defending and settling the Underlying Action.  Those amounts can be easily calculated from the billing statements submitted by Plaintiffs' counsel and by referring to the settlement agreement between Plaintiffs and Mr. Phillips.  Plaintiffs are also seeking the recovery of their attorney's fees and costs in this action and punitive damages in amounts to be determined at trial. The realistic range of damages in this action is $5,000,000 to $15,000,000.

    Defendant.  Defendant does not believe that Plaintiffs are entitled to any of the damages that they seek because there is no coverage for the Underlying Action under the Policy and Defendant acted at all times in good faith. Insurance.

    Plaintiff.  There is no insurance coverage except for the Policy, which entitles Plaintiff to recover for its Loss associated with the Underlying Action.

        f.  Defendant.  The Policy is the only insurance policy at issue in this coverage action. Motions.

    The parties do not foresee filing any motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

        g.  Manual for Complex Litigation.

    The parties do not believe that the procedures proscribed by the Manual for Complex Litigation would be beneficial in this action.

        h.  Status of Discovery.

    Plaintiffs.  Plaintiffs have provided their initial disclosures and have served their first set of interrogatories and requests for production of documents.

    Defendant.

    Defendant is in the process of responding to Plaintiffs' discovery requests,

drafting its discovery requests to Plaintiffs, and will have served its initial disclosures by the time of the submission of this report to the Court.

    i.  <u>Discovery Plan</u>.

    Plaintiffs have already served their first set of written discovery requests. Defendant will be issuing written discovery requests to Plaintiffs shortly.  Plaintiffs intend to take the depositions of Liberty employees identified above, who communicated with Plaintiffs regarding the Policy or were involved in reviewing Plaintiffs' claim for coverage.  Plaintiffs also intend to take the deposition of Liberty pursuant to F.R.C.P. 30(b)(6).  Defendant will likely depose each of the Plaintiffs and Joshua Phillips, and reserves its right to depose additional individuals, including but not limited to those identified by Defendant above.

    j.  <u>Discovery cut-off</u>.

    <u>Plaintiffs</u>.  Plaintiffs propose a discovery cut-off of April 2, 2018.  Plaintiffs oppose Defendant's proposal to bifurcate discovery.  The facts and circumstances underlying Defendant's review and denial of Plaintiffs' claim for coverage are inextricably intertwined with the coverage issues that will be presented by the parties on summary judgment.  Plaintiffs expect to use many of the same documents and question the same witnesses on matters of coverage and bad faith. Bifurcation would cause unnecessary delay and increase the burdens and expense of discovery, requiring multiple depositions of the same witnesses.

    <u>Defendant</u>.  Defendant believes that bifurcation of discovery relating to Plaintiffs' bad-faith claim from discovery relating to Plaintiffs' breach-of-contract claim is appropriate and would prove beneficial in this lawsuit.  Bifurcation of discovery on those issues may result in a significant savings of time and expense to the parties and the Court.  In the event that the Court would find that there is no coverage for the Underlying Action under the Policy, Plaintiffs' bad-faith claim

would fail as a matter of California law.  Therefore, Defendant proposes that discovery on issues only related to coverage proceed initially with a discovery cut-off date of March 2, 2018.  After the close of coverage-related discovery, the parties would file cross-motions for summary judgment on the issue of coverage by April 2, 2018.  In the event that the Court would find that there is coverage for the Underlying Action under the Policy, the parties would then proceed with bad-faith discovery with a discovery cut-off deadline to be determined after the Court rules on the cross-motions.

   k.  Expert Discovery.

   Plaintiffs.  Plaintiffs anticipate calling an insurance expert to testify regarding industry standard practices for the review of claims made by insureds.

   Defendant.  Defendant does not believe that expert testimony is appropriate for resolution of Plaintiffs' breach-of-contract claim.  Defendant reserves its right to call an expert with respect to the issues set forth in Plaintiffs' bad-faith claim should that prove necessary.  Defendant proposes that the Court forego setting expert disclosure deadlines until the issue of whether there is coverage for the Underlying Action under the Policy is resolved on cross-motions for summary judgment.  Dispositive motions.

   Plaintiffs.  Plaintiffs anticipate bringing a motion for partial summary judgment to determine (1) whether the any of the carve outs to the contract exclusion apply to extend coverage to the Loss Plaintiffs incurred in the defense and settlement of the Underlying Action and (2) whether the language of the Policy is ambiguous.

   Defendant.  Defendant anticipates filing a motion for summary judgment with respect to Plaintiffs' claim for breach of the Policy and proposes that the deadline to file such a motion be April 2, 2018.

l.  <u>Settlement/Alternative Dispute Resolution (ADR)</u>.

The Parties agree to participate in a mediation of this dispute, to use reasonable efforts to cooperate in the designation of a mediator and to complete mediation in advance of the last date to complete alternative dispute resolution.

m. <u>Trial Estimate</u>.

The parties anticipate a jury trial and estimate 7 court days for trial.

n.  <u>Trial Estimate</u>.

<u>Plaintiffs</u>.  Ethan Brown and Jill Glennon will try the case on behalf of Plaintiffs.

<u>Defendant</u>.  Valerie Rojas and Sabrina Haurin will try the case on behalf of Defendant.

o.  <u>Independent Expert of Master</u>.

The parties do not recommend the appointment of a master pursuant to F.R.C.P. 53.

p.  <u>Timetable</u>.

The parties have conferred and agreed on the dates proposed in the timetable attached as Exhibit A.

q.  <u>Other issues</u>.

<u>Plaintiffs</u>.  Except for the question of bifurcation, which Plaintiffs' oppose, Plaintiffs are unaware of any other issues that may affect the status or management of this case.

JOINT RULE 26(f) REPORT

1    Defendant.  As set forth above, Defendant believes that bifurcation of
2    discovery relating to the coverage issues from the bad-faith issues in this lawsuit is
3    appropriate.
4
5
6
7    Dated:  November 6, 2017                    LATHAM & WATKINS LLP
8                                                     G. Andrew Lundberg
                                                      Wayne S. Flick
9                                                     Faraz R. Mohammadi
10                                               BROWN NERI SMITH & KHAN LLP
                                                      Ethan J. Brown
11                                                    Jill R. Glennon
12
13                                               By:  /s/ Jill R. Glennon
14                                                     Jill R. Glennon
15                                               Attorneys for Plaintiffs PGP Investors,
16                                               LLC, PGP Advisors, LLC, and M. Brent
                                                 Stevens
17
18   Dated:  November 6, 2017                    COZEN O'CONNOR
                                                      Valerie D. Rojas
19                                                    Patricia Michelena Parisi
20
21                                               BAILEY CAVALIERI LLC
                                                      Sabrina Haurin
22
23
24                                               By: /s/ Sabrina Haurin
                                                     Sabrina Haurin
25
26                                               Attorneys for Defendant Liberty
                                                 Insurance Underwriters, Inc.
27
28

JOINT RULE 26(f) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTORNEY ATTESTATION**

I hereby attest that the concurrence in the filing of this document has been obtained from the signatory indicated by a "conformed" signature (/s/) within this e-filed document.

By: ___/s/ Jill R. Glennon_____
Jill R. Glennon

JOINT RULE 26(f) REPORT

# **EXHIBIT A**

CASE NAME:  PGP Investors, LLC, et al. v. Liberty Insurance Underwriters, Inc.

CASE NO.:  2:17-cv-05296-DSF-RAO

JOINT RULE 26(f) REPORT

| Matter | Time | Weeks before trial | Plaintiffs Request | Defendant's Request | Court's Order |
|---|---|---|---|---|---|
| Jury Trial (___ days) (**Tuesday**) | 8:00 a.m. | | 11/06/18 | TBD after coverage issues are resolved | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 p.m. | 4 | 10/09/18 | TBD after coverage issues are resolved | |
| Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | 08/28/18 | TBD after coverage issues are resolved | |
| File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; File Status Report Regarding Settlement; File Motions in Limine | | 7 | 08/21/18 | TBD after coverage issues are resolved | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 12 | 07/17/18 | 07/17/18 | |
| Last day for hearing motions, LR 7 | | 14 | 07/02/18 | 04/02/18 deadline to file cross-motions for summary judgment on coverage issues | |

JOINT RULE 26(f) REPORT

| | | | | | |
|---|---|---|---|---|---|
| Non-expert Discovery Cut-off | | 21+ | 04/2/18 | 03/02/18 for coverage discovery; TBD for bad-faith discovery | |
| Expert Disclosure (initial) | | | 04/16/18 | TBD after coverage issues are resolved | |
| Expert Disclosure (rebuttal) | | | 05/01/18 | TBD after coverage issues are resolved | |
| Expert Discovery Cut-off | | 21+ | 05/14/18 | TBD after coverage issues are resolved | |
| Last Date to Amend Pleadings or Add Parties | | | 01/12/18 | 01/12/18 | |

LR 16-15 ADR Choice:

      The parties have selected ADR Procedure No. 3.

## **<u>CERTIFICATE OF SERVICE</u>**

I, Ethan J. Brown, hereby declare under penalty of perjury as follows:

I am a partner at the law firm of Brown Neri Smith & Khan, LLP, with offices at 1 1 6 0 1 Wilshire Boulevard, Suite 2080, Los Angeles, California 90025. On the date below, I caused the foregoing **JOINT RULE 26(f) REPORT** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on November 6, 2017.

/s/ Ethan J. Brown