```
LATHAM & WATKINS LLP
  Wayne S. Flick (SBN 149525)
    wayne.s.flick@lw.com
  Faraz R. Mohammadi (SBN 294497)
    faraz.r.mohammadi@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

BROWN NERI SMITH & KHAN LLP
  Ethan J. Brown (SBN 218814)
    ethan@bnsklaw.com
  Jill R. Glennon (SBN 204506)
    jill@bnsklaw.com
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Telephone:  (310) 593-9890
Facsimile:  (310) 593-9980

Attorneys for Plaintiffs PGP Investors,
LLC, PGP Advisors, LLC, and M. Brent
Stevens
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PGP INVESTORS, LLC, a Delaware limited liability company, PGP ADVISORS, LLC, a Delaware limited liability company, and M. BRENT STEVENS, an individual,<br><br>            Plaintiffs,<br>   v.<br><br>LIBERTY INSURANCE UNDERWRITERS INC., an Illinois corporation,<br>            Defendant. | CASE NO. 2:17-CV-5296 DSF (RAOx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Hearing Date:  March 26, 2018<br>Time:   1:30 p.m.<br><br>[*Plaintiff's Notice of Motion and Motion for Partial Summary Judgment and Proposed Order; Memorandum of Points and Authorities; Declarations of M. Brent Stevens, Wayne S. Flick, and Ethan J. Brown; Separate Statement of Uncontroverted Facts; [Proposed] Order; Unredacted Exhibits A-I; Redacted Exhibits A-I; and [Proposed] Order filed concurrently*] |

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 79-5, Plaintiffs PGP Investors, LLC, PGP Advisors, LLC, and M. Brent Stevens ("Plaintiffs") hereby apply for leave of Court to file unredacted copies of **Exhibits A-I** to the Declaration of M. Brent Stevens in Support of Application Seal ("Stevens Seal Decl.") under seal.

In connection with Plaintiffs' motion for partial summary judgment, Plaintiffs have submitted highly sensitive confidential documents, including a consulting agreement between Joshua K. Phillips ("Phillips") and Peninsula Pacific Strategic Partners, LLC ("PPSP") and the organizational and operational agreements for PGPI, PGPA as well as the entities formed to facilitate their businesses. Stevens Seal Dec. ¶¶ 5-13 and Exs. A-I. PGPI is in the business of acquiring controlling interests in and actively managing private businesses in the consumer and industrial sectors. *Id.* ¶ 2. PGPA is in the business of providing investment advisory services to PGPI and to the businesses in PGPI's portfolio of private equity investments. *Id.* ¶ 3. Stevens is the managing member of PGPI and the trustee of the trust that is the sole managing member of PGPA. *Id.* ¶ 1.

The Consulting Agreement includes information regarding the amount of compensation that Phillips received in exchange for his professional services. *Id.* ¶ 8 and Ex. D, p. 43. Publication of Phillips's compensation could negatively impact Plaintiffs' ability to negotiate future consulting agreements for professional services and to retain existing employees and consultants. *Id.* ¶8. Courts have granted applications to seal confidential compensation information that could cause the applicants competitive harm. See, e.g., *Dorman v. Charles Schwab & Co.*, 2018 U.S. Dist. LEXIS 9107, Case No. 17-cv-00285-CW, at *16-17 (N.D. 2018) ["Disclosure of compensation information could cause Defendants competitive harm."]; *In re High-Tech Emple. Antitrust Litig.*, 2013 U.S. Dist. LEXIS 6606, Case No. 11-cv-02509-LHK, at *14 (N.D. Cal. Jan. 15, 2016).

The LLC Agreements for PGPI, PGPA and for the entities formed to acquire and manage businesses in Plaintiffs' private equity investment portfolio, include

highly confidential provisions pertaining to the management of those entities, the rights, identities and percentage ownership of their members, the duties of the managing members, the maintenance of capital accounts, the assignment and transfer of member units, the allocation of profits and losses, and distributions. *Id*. ¶¶ 5-7, 9-13 and Exs. A-C and E-J. These provisions are often the subject of extensive negotiations and are not made public. *Id*. ¶ 4. The terms vary between the agreements depending on the outcome of those negotiations and the particularities of the overall transaction. *Id*. The publication of the confidential deal terms would seriously impede Plaintiffs' ability to negotiate future agreements on favorable terms. *Id*. In addition, two of the LLC agreements include confidentiality provisions that prevent the public disclosure of their terms. *Id*. ¶¶ 9, 11 and Exs. E and G.

Plaintiffs have narrowly tailored this application to seal only those provisions in Exhibits A-I that are subject to express confidentiality agreements and/or highly confidential terms of the agreements. Compelling reasons exist to seal the unredacted copies of Exhibits A-I, where the publication of negotiated deal terms could be used by Plaintiffs' competitors and counterparties "as sources of business information that might harm [Plaintiffs'] competitive standing…." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ["Courts have refused to permit their files to serve as…sources of business information that might hurt a litigant's competitive standing"]; see also *whiteCrytion Corp. v. Arxan Techs., Inc.*, 2016 U.S. Dist. LEXIS 172951, Case No. 15-cv-00754-WHO, at *3-4 (N.D. Cal. Mar. 9, 2016) [granting application to seal the terms of "agreements with customers, including pricing terms, discounts, etc., which could be used by competitors or other current and potential customers in subsequent negotiations regarding the licensing of Arxan's products"]; *Roche Molecular Sys. v. Cepheid*, 2015 U.S. Dist. LEXIS 2109, No. C-14-3228-ELD, at *3, n. 1 (N.D. Cal. Jan. 7, 2015) [granting application to seal terms of contracts including

sensitive business information, "which Roche is contractually bound to keep confidential, and that public disclosure could cause harm" to Roche]; *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 113132, Case No. 11-CV-01846-LKH, at *40-41 (N.D. Cal. Aug. 9, 2012) [sealing all information related to licensing agreements' pricing terms, royalty rates and payments, because the publication of the information would place the parties in a "weakened bargaining position" in future negotiations].)

Further, compelling reasons exist to seal information disclosing private residential addresses of the parties to the agreements. The sealing of such personal information is justified to "protect [the parties'] privacy interest[s] and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist LEXIS 84000, No. C01-00988 MJJ, at *9-10 (N.D. Cal. Nov. 1, 2007).

*See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) ["Courts have refused to permit their files to serve as…sources of business information that might hurt a litigant's competitive standing"]; *Aloudi v. Intramedic Research Grp., LLC*, 2016 U.S. Dist. LEXIS 17177, Case No. 15-cv-00882-HSG, at *6 (N.D. Cal. Feb. 11, 2016) [granting application for leave to file under seal "confidential and proprietary business information"]. As to any personal identifying information (personal addresses), such information is irrelevant to this proceeding or the public, and those redactions are made to protect the individual's personal privacy.

On Thursday, February 15, 2018, Plaintiffs' contacted Liberty, described the documents subject to the application and inquired whether Liberty would oppose. Liberty responded that, in general, it was not opposed to filing the documents under seal, but could not definitively state it would not oppose without having reviewed the motion and documents. (Declaration of Ethan J. Brown, Ex. 1.)

Accordingly, Plaintiffs respectfully request that the Court grant leave to file unredacted copies of Exhibits A-I under seal.

Dated: February 26, 2018  **BROWN NERI SMITH & KHAN, LLP**

By: /s/ Jill Glennon
Jill Glennon

*Attorneys for Plaintiffs*
PGP Investors, LLC, PGP Advisors, LLC, and M. Brent Stevens

## CERTIFICATE OF SERVICE

I, Ethan J. Brown, hereby declare under penalty of perjury as follows:

I am managing partner at the law firm of Brown Neri Smith & Khan, LLP, with offices at 11601 Wilshire Boulevard, Suite 2080, Los Angeles, California 90025. On the date below, I caused the foregoing **APPLICATION FOR LEAVE TO FILE UNDER SEAL** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 26, 2018.

/s/ Ethan J. Brown