LATHAM & WATKINS LLP
  Wayne S. Flick (SBN 149525)
    wayne.s.flick@lw.com
  Faraz R. Mohammadi (SBN 294497)
    faraz.r.mohammadi@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

BROWN NERI SMITH & KHAN LLP
  Ethan J. Brown (SBN 218814)
    ethan@bnsklaw.com
  Jill R. Glennon (SBN 204506)
    jill@bnsklaw.com
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Plaintiffs PGP Investors, LLC, PGP Advisors, LLC, and M. Brent Stevens

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PGP INVESTORS, LLC, a Delaware limited liability company, PGP ADVISORS, LLC, a Delaware limited liability company, and M. BRENT STEVENS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS INC., an Illinois corporation,<br><br>Defendant. | CASE NO. 2:17-CV-5296 DSF (RAOx)<br><br>**DECLARATION OF M. BRENT STEVENS IN SUPPORT OF APPLICATION TO SEAL**<br><br>Hearing Date: March 26, 2018<br>Time: 1:30 p.m.<br><br>*[Plaintiff's Notice of Motion and Motion for Partial Summary Judgment and Proposed Order; Memorandum of Points and Authorities; Declarations of M. Brent Stevens, Wayne S. Flick, and Ethan J. Brown; Separate Statement of Uncontroverted Facts; [Proposed] Order; Application for leave to File Under Seal; Unredacted Exhibits A-I; Redacted Exhibits A-I; and [Proposed] Order filed concurrently]* |

# DECLARATION OF M. BRENT STEVENS

I, M. Brent Stevens, Declare as follows:

1. At the time of the matters covered, I was the managing member of PGP Investors, LLC ("PGPI") and trustee of the trust that is the sole managing member of PGP Advisors, LLC ("PGPA"), together with myself, the named plaintiffs ("Plaintiffs") in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called upon to do so, could and would testify competently thereto.

2. PGPI is in the business of acquiring controlling interests in and actively managing businesses in the consumer and industrial sectors.

3. PGPA is in the business of providing investment advisory services to PGPI and to the businesses in PGPI's portfolio of investments.

4. I have submitted a declaration in support of Plaintiffs' Motion for Partial Summary Judgment in this action. Portions of the exhibits attached to my declaration include highly confidential and sensitive business information about the terms of Plaintiffs' private equity investments that is not in the public domain. For example, the identities and percentage ownership interests of members of the entities formed to fund and manage the private equity investments are not publicly disclosed. Likewise, the rights appurtenant to those member interests, which are set forth in LLC agreements, are often the product of extensive negotiations and are, generally, not made public. Among other things, the LLC agreements govern the duties and obligations of the managing member, the voting rights of members, the assignment, sale and transfer of member interests, the maintenance of capital accounts, allocation of profits and losses and distributions. The terms differ from agreement to agreement, depending on the negotiations that took place for a given transaction. The publication of the confidential deal terms would seriously impede Plaintiffs' ability to negotiate future agreements on favorable terms and, in some cases, the disclosure would violate confidentiality provisions in the LLC agreements themselves.

DECLARATION

5. Attached hereto as Exhibit A is a true and correct copy of the Second Amended and Restated LLC Agreement for PGPI ("PGPI Second Amended LLC Agreement"). The highly confidential terms of the PGPI Second Amended LLC Agreement, include the definitions of "Invested Capital" and "Investment Period," and the provisions governing the management of PGPI, additional capital contributions, distributions, transfer of interests and other allocations between members.

6. Attached hereto as Exhibit B is a true and correct copy of the Amended and Restated LLC Agreement for PGPA ("PGPA Amended LLC Agreement"). The highly confidential terms of the PGPA Amended LLC Agreement include provisions governing the management of PGPA, additional capital contributions and distributions. The agreement also includes my private residential address.

7. Attached hereto as Exhibit C is a true and correct copy of the LLC Agreement for Peninsula Pacific Strategic Partners, LLC ("PPSP LLC Agreement"). The highly confidential terms of the PPSP LLC Agreement includes the provisions governing management of PPSP, distributions and allocations of profits and losses.

8. In January 2015, Joshua K. Phillips ("Phillips") entered into a consulting agreement ("Consulting Agreement") with PPSP, effective as of January 1, 2014. A true and correct copy of the Consulting Agreement is attached as Exhibit D. The Consulting Agreement includes a highly confidential term regarding Phillips's compensation, which is not publicly disclosed. Publication of Phillips's compensation could negatively impact Plaintiffs' ability to negotiate future consulting agreements for professional services and to retain existing employees and consultants. Exhibit D also includes Phillips private residential address.

9. In November 2013, PPSP completed the purchase of securities of Wismarq Industries, LLC ("Wismarq") through Whitewater Capital, LLC ("Whitewater"). Attached as Exhibit E is a true and correct copy of the Amended and Restated LLC Agreement for Wismarq Industries, LLC ("Wismarq Amended LLC Agreement"). The terms of the Wismarq Amended LLC Agreement were the

product of negotiation between Whitewater and Wismarq and are narrowly tailored to address that particular transaction. The Wismarq Amended LLC Agreement includes a confidentiality provision (Section 9.10), which provides that "[e]ach party hereto agrees that the provisions of this Agreement, all understandings, agreements and other arrangements between and among the parties, and all other non-public information received from or otherwise released to any other Person (other than another party hereto or to such party's shareholders, partners, members, trustees, directors, officers, employees, representatives, legal counsel, accountants and lenders), without the prior written consent of the Board."

10. In May 2014, PGPI completed the purchase of securities of Brundage-Bone Concrete Pumping, Inc. ("Brundage-Bone"). BBCP Investors, LLC ("BBCP") is a direct subsidiary of PGPI and the owner of the interest in Brundage-Bone. Attached hereto as Exhibit F is a true and correct copy of the LLC Agreement for BBCP ("BBCP LLC Agreement"). The highly confidential terms of the BBCP LLC Agreement include the provisions governing the management of BBCP, allocation of profits and losses and distributions.

11. In October 2014, PPSP completed the purchase of securities of Argo Acquisition, LLC ("Argo"). Attached hereto as Exhibit G is a true and correct copy of the Amended and Restated LLC Agreement for Argo ("Argo Amended LLC Agreement"). The terms of the Argo Amended LLC Agreement were the product of extensive negotiation and are narrowly tailored to address that particular transaction. The agreement includes a confidentiality provision (Section 9.17), which provides that "[e]ach party hereto agrees that the provisions of this Agreement, all understandings, agreements and other arrangements between and among the parties, and all other non-public information received from or otherwise released to any other Person (other than another party hereto or to such party's shareholders, partners, members, trustees, directors, officers, employees, representatives, legal counsel, accountants and lenders), without the prior written consent of the Board."

12. Attached hereto as Exhibit H is a true and correct copy of the Amended and Restated LLC Agreement for Wilpac Funding, LLC ("<u>Wilpac Amended LLC Agreement</u>"). The highly confidential terms of the Wilpac Amended LLC Agreement include provisions governing the management of Wilpac, units and capital accounts, assignment and transfer of interests, allocation of profits and losses and distributions.

13. SCE Partners, LLC ("<u>SCE</u>") is the owner of the Sioux City investment. Attached hereto as Exhibit I is a true and correct copy of the LLC Agreement for SCE Partners, LLC (the "<u>SCE Amended LLC Agreement</u>"). The highly confidential information in SCE Amended LLC Agreement includes provisions governing the management of SCE, SCE's debt and lines of credit, assignment and transfer of ownership interests, allocation of profits and losses, distributions, and capital accounts.

/ / /
/ / /
/ / /

I declare under penalty of perjury under the laws of the United States of America and laws of the State of California that the foregoing is true and correct.

Executed on this 22nd day of February 2018 at Los Angeles, California.

_____
M. Brent Stevens

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in Los Angeles County, California. I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025. On the date below, I caused the foregoing,

- **DECLARATION OF M. BRENT STEVENS IN SUPPORT OF APPLICATION TO SEAL**
- **UNREDACTED EXHIBITS A-I <u>RE</u> APPLICATION FOR LEAVE TO FILE UNDER SEAL [PARTS 1 & 2]**

to be served to the following individuals:

Valerie D. Rojas
vrojas@cozen.com
Patricia Michelena Parisi
pparisi@cozen.com
**COZEN O'CONNOR**
601 South Figueroa St., Ste. 3700
Los Angeles, CA 90017

Sabrina Haurin
shaurin@baileycav.com
**BAILEY CAVALIERI LLC**
10 W. Broad St., Ste. 2100
Columbus, OH 43215-3422

*Attorneys for Defendant*,
Liberty Insurance Underwriters Inc.

☒ **BY ELECTRONIC MAIL:** I caused such document(s) to be electronically mailed in PDF format as an e-mail attachment to each addressee for the above-entitled case. The transmission was complete and confirmed. A copy of the transmittal e-mail will be maintained with the original document(s) in our office.

☒ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth in the service list below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 26, 2018, at Los Angeles, California.

_____
Nona Yegazarian